CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
January 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JULES MOULTRIE, ) | |
|     Plaintiff, ) | Case No. 7:24-cv-00062 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAPPY SMITH, M.D., ) | Senior United States District Judge |
|     Defendant. ) | |

## MEMORANDUM OPINION

Jules Moultrie, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Dr. Happy Smith. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that Moultrie's federal constitutional claim must be dismissed for failure to state a claim upon which relief may be granted, and the court declines to exercise supplemental jurisdiction over any remaining claims under state law.

### I.    Background

According to the amended complaint, the events giving rise to this action occurred on September 21, 2023, while Moultrie was incarcerated at Red Onion State Prison (Red Onion). Am. Compl., ECF No. 14, at 2. Dr. Smith worked at Red Onion as a physician. Id.

On the morning of September 21, 2023, correctional officers escorted Moultrie from his cell to the common area of his assigned housing unit, where other inmates were having recreation time. Id. at 3. Two officers were sitting at a table, and Moultrie was instructed to sit with them. Id. While Moultrie was with the officers, Dr. Smith approached for a "sick-call review" and began asking Moultrie questions about his medical issues. Id. at 4, 6. A "mental

health" employee then arrived and sat at the same table. Id. At that point, Moultrie "started to feel uncomfortable talking to [Dr. Smith] about his medical problems," since one of the issues involved a "hernia." Id. When Moultrie informed Dr. Smith that he did not feel comfortable talking about his medical issues around other inmates and staff members, Dr. Smith told him that it was "okay to talk in front of them." Id. at 5. Moultrie emphasized again that other inmates could hear their conversation. Id. Nonetheless, Dr. Smith declined to move to a more private area and continued to speak to Moultrie about his medical issues in front of the other inmates and staff members in the room. Id. at 5–6. Later that day, Moultrie heard inmates discussing his medical issues. Id.

Based on the foregoing allegations, Moultrie filed this action under 42 U.S.C. § 1983 against Dr. Smith. Moultrie claims that Dr. Smith violated his Fourteenth Amendment right to privacy by discussing his medical issues in front of other people. Id. at 1, 7–8. Moultrie also asserts state constitutional and tort claims against Dr. Smith. Id. at 8.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from an employee or agent of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss a complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint filed by a pro se litigant must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

### III. Discussion

#### A. Federal Constitutional Claim under Section 1983

Moultrie filed suit against Dr. Smith under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Moultrie claims that Dr. Smith violated his Fourteenth Amendment right to privacy. The United States Court of Appeals for the Fourth Circuit has recognized that the "constitutional right to privacy extends to the individual interest in avoiding disclosure of personal matters."

Payne v. Taslimi, 998 F.3d 648, 655 (4th Cir. 2021) (internal quotation marks and ellipsis). However, "that 'right to privacy' protect[s] 'only information with respect to which the individual has a reasonable expectation of privacy.'" Id. (quoting Walls v. City of Petersburg, 895 F.2d 188, 193 (4th Cir. 1990)); see also Walls, 895 F.2d at 192 ("Personal, private information in which an individual has a reasonable expectation of confidentiality is protected by one's constitutional right to privacy.").

In Payne, the Fourth Circuit held that an inmate had no reasonable expectation of privacy in information concerning his HIV diagnosis or treatment. 998 F.3d at 658-660. In reaching its decision, the Court emphasized that an inmate's reasonable expectations of privacy are "quite limited." Id. at 658; see also Hudson v. Palmer, 468 U.S. 517, 525-26 (1984) (holding that an inmate lacked a reasonable expectation of privacy in his prison cell). For instance, the Fourth Circuit previously "found a 'reasonable expectation of privacy' in 'bodily privacy and integrity' to be violated by surgery to remove a cosmetic implant from an inmate's genitals." Payne, 998 F.3d at 658 (quoting King v. Rubenstein, 825 F.3d 206, 214-15 (4th Cir. 2016)). The Court explained that the "interest in bodily integrity involved the most personal and deep-rooted expectations of privacy" and that "many sexually invasive searches will involve an objectively extreme intrusion on those expectations of privacy." Id. (internal quotation marks and brackets omitted). The Court determined, however, that information about an inmate's HIV diagnosis and medication was not subject to the same expectations of privacy that it had found protected in prison:

> Unlike an inmate's bodily integrity, one's communicable-disease diagnosis lacks any deep roots in the expectation of privacy and falls far from the most personal invasions into an inmate's body. Disclosure of [the inmate's] diagnosis and medication

4

> information simply does not implicate the same Fourth Amendment concerns as forcing someone to, for example, undergo surgery or subject themselves to invasive medical procedures.

Id. at 659 (internal citation and footnote omitted). Based on its conclusion that the plaintiff had no reasonable expectation of privacy in his HIV diagnosis and treatment, the Fourth Circuit affirmed the dismissal of the Fourteenth Amendment claim asserted against the prison doctor who mentioned the plaintiff's HIV medications in front of other inmates and staff members. Id. at 653.

Applying the same reasoning, the court concludes that Moultrie's claim under the Fourteenth Amendment must be dismissed. Moultrie does not plausibly allege that he had a reasonable expectation of privacy with respect to the medical issues that he discussed with Dr. Smith. Moultrie maintains that his hernia-related complaints involved "private information." Am. Compl. at 4. As was true in Payne, however, Moultrie has "a reduced expectation of privacy in prison," and he does not allege facts from which the court could reasonably infer that his symptoms or complaints were comparable to sexually invasive searches or other "personal invasions into an inmate's body." Payne, 998 F.3d at 658–59. Moreover, his amended complaint is "otherwise devoid of allegations that would suggest, let alone establish, that this type of medical information warrants greater protections than an often-stigmatized communicable disease, like HIV." Kelley v. Newton, No. 7:21-cv-00499, 2023 WL 4687932, at *2 (W.D. Va. July 21, 2023). While Moultrie may "subjectively . . . like to keep [his medical] information to himself," he has failed to allege facts sufficient to show that any subjective expectation of privacy was reasonable under the circumstances. Payne, 998 F.3d at 660. And in the absence of any reasonable expectation of privacy, Moultrie lacks a constitutional right to privacy with

5

respect to his medical information. See id. at 657. Accordingly, the court concludes that the amended complaint fails to state a claim under the Fourteenth Amendment.

    **B.**    **Claims under State Law**

Moultrie's amended complaint also asserts claims under state constitutional and tort law, including a claim of intentional infliction of emotional distress. Having concluded that his allegations are insufficient to state a cognizable federal claim, the court declines to exercise supplemental jurisdiction over the claims under state law and will dismiss those claims without prejudice. See 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline to exercise supplemental jurisdiction when it "has dismissed all claims over which it has original jurisdiction").

                                             **IV.**    **Conclusion**

For the foregoing reasons, the court concludes that Moultrie's amended complaint fails to state a cognizable Fourteenth Amendment claim against Dr. Smith. The federal claim is **DISMISSED** without prejudice under 28 U.S.C. § 1915A(b)(1), and any claims under state law are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1367(c)(3). An appropriate order will be entered.

Entered: January 2, 2025

Mike Urbanski
Senior U.S. District Judge
2025.01.02 21:17:18
-05'00'

Michael F. Urbanski
Senior United States District Judge